IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NA'QUAN THOMAS,               : | |
|     Plaintiff,                   : | |
|                               : | |
| v.                              : | CIVIL ACTION NO. 25-CV-1375 |
|                               : | |
| THE WELLINGTON      : | |
| AT HERSHEY MILLS, *et al.*,  : | |
|     Defendants.              : | |

**ORDER**

AND NOW, this 5th day of May, 2025, upon consideration of Plaintiff Na'Quan Thomas's *pro se* Motions to Proceed *in forma pauperis* (ECF Nos. 9, 10, 12), Second Amended Complaint (ECF No. 11, "SAC"), and Motion to Appoint Counsel (ECF No. 3), it is **ORDERED** that:

    1.      Thomas's Motion for Leave to Proceed *in forma pauperis* (ECF No. 12) is **GRANTED** pursuant to 28 U.S.C. § 1915.

    2.      The two duplicative Motions for Leave to proceed *in forma pauperis* (ECF Nos. 9, 10) are **DENIED AS MOOT**.

    3.      The Motion for Appointment of Counsel (ECF No. 3) is **DENIED** for reasons stated in the Court's Memorandum.

    4.      For the reasons stated in the Court's Memorandum, all Title VII claims against Defendants Amy Sicilia, Jackie Johnson, Darren Fowlkes, Christopher Poling, Ebony Nichole Guy, and Anthony Wiggins, Sr. are **DISMISSED WITH PREJUDICE**. The following claims are **DISMISSED WITHOUT PREJUDICE**: Thomas's Title VII retaliation claim against the Wellington at Hershey ("the Wellington") and his Title VII claims against Senior Lifestyle Company. Thomas's Title VII disparate treatment and hostile work environment claims against

the Wellington and his state law claim against Defendant Guy under the Wiretapping and Electronic Surveillance Control Act will proceed past statutory screening.

5. The Clerk of Court is **DIRECTED** to terminate Amy Sicilia, Jackie Johnson, Darren Fowlkes, Ian Monteith,[1] Christopher Poling, and Anthony Wiggins, Sr. as Defendants.

6. The Clerk of Court is **DIRECTED** to send Thomas a blank copy of this Court's current standard form to be used by a self-represented litigant filing an employment discrimination action bearing the above-captioned civil action number. Thomas may use this form to file his third amended complaint if he chooses to do so.

7. Thomas is given thirty (30) days to file a third amended complaint in the event he can cure the defects the Court has identified in the claims dismissed without prejudice. Any third amended complaint shall identify all defendants in the caption of the complaint in addition to identifying them in the body of the complaint, shall state the basis for Thomas's claims against each defendant, and shall bear the title "Third Amended Complaint" and the case number 25-1375. If Thomas files a third amended complaint, it must be a complete document that includes all of the bases for his claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. **Claims that are not included in the third amended complaint will NOT be considered part of this case, including the Title VII disparate treatment and hostile work environment claims against the Wellington and the state law claim against Defendant Guy**. This means that Thomas must reassert the above claims if he wants to pursue them. Thomas may not assert a claim that has already been dismissed with prejudice. When drafting his third amended complaint, Thomas should be mindful of the Court's reasons for dismissing

---

[1] Monteith was named in the initial complaint but not named in the subsequent amended complaints. Accordingly, he is dismissed by operation of law. *See Lancaster v. New Jersey Transit Corp.*, No. 12-01995, 2022 WL 16701907, at *1 (D.N.J. Nov. 3, 2022)

the claims in his SAC as explained in the Court's Memorandum. Claims that are not included in the third amended complaint will not be considered part of this case. Upon the filing of a third amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. If Thomas does not file a third amended complaint the Court will direct service of the SAC on Defendants the Wellington and Ebony Nichole Guy **only**. Thomas may also notify the Court that he seeks to proceed on these claims rather than file a third amended complaint. If he files such a notice, Thomas is reminded to include the case number for this case, 25-1375.

9. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

                **BY THE COURT:**

                _____
                **MARY KAY COSTELLO, J.**